**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DARIUS MAGEE, | ) |
| | ) |
| Plaintiff, | )    Case No.  1:20-cv-06088 |
| | ) |
| v. | )    Hon. Andrea R. Wood, Presiding |
| | ) |
| THOMAS J. DART (IN HIS CAPACITY AS SHERIFF OF | ) |
| COOK COUNTY); DR. CONNIE MENELLA (IN HER | ) |
| PERSONAL CAPACITY); AND SABRINA RIVERO- | ) |
| CANCHOLA (IN HER PERSONAL CAPACITY), | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**AMENDED & SUPPLEMENTAL COMPLAINT**

Plaintiff and prisoner, Darius Magee ("Magee"), by and through his undersigned court-appointed counsel, and for his Amended & Supplemental Complaint against defendants Thomas J. Dart (in his capacity as the Sheriff of Cook County; hereafter "Dart"), Dr. Connie Mennella (in her personal capacity; hereafter "Connie"), and Sabrina Rivera-Conchola (in her personal capacity; hereafter, "Sabrina"), alleges as follows:

**I.     INTRODUCTION**

1.     This lawsuit arises out of certain defendants' violations of the Americans with Disabilities Act, codified as amended at 42 U.S.C. § 12131 *et seq.* (the "ADA"), and/or the Rehabilitation Act, codified as amended at 29 U.S.C. § 794 (the "RA"), as well as associated mistreatment of Magee by certain defendants while incarcerated in violation of the United States Constitution.

2.      As further set forth below, Magee has "sensorineural hearing loss" that was characterized by a treating physician on December 12, 2019 as "severe-profound." (*See* Referral for Auditory Services, appended hereto as **Exhibit A**.)

3.      Despite a medical professional directing and recommending that Magee be fitted for and issued a hearing aid for his right ear on December 12, 2019, and despite exhausting the grievance process, as of March 26, 2021, Magee was neither fitted for, nor received, a hearing aid for his right ear while incarcerated at the Cook County Jail.

4.      As a consequence of the foregoing, and by reason of his documented hearing disability that was not accommodated in any meaningful respect by the Cook County Jail, Magee was unable to participate (or counsel participate only in a significantly limited manner) in a number of activities, including: (a) appearing for virtual court hearings that his hearing impairments often make difficult for Magee to follow completely (particularly where there is significant ambient noise); (b) participating in programming offered by the Cook County jail, such as clothing and bedding exchanges that he continually missed because he could not hear the calls and announcements regarding the same; (c) making telephone calls to counsel, family and friends, as the phones available to him often did not have TTY/TDD or other enhancements for the hearing-impaired, and the volume controls for the phones that were available were not always operable and sometimes Magee could not hear phone calls at all or in substantial part; (d) attending meals on occasion because of not hearing announcements regarding the same; (e) watching television and videos where there is substantial ambient noise and no closed captioning; and (f) other such activities and programming (including missing calls for the dispensing of medication, leading Magee to miss his prescribed psychotropic medications repeatedly that he is supposed to take daily).

5.     To receive redress for these violations of the ADA and RA, Magee respectfully requests an award of any legal (monetary) damages to which he may be entitled and that are recoverable under the foregoing statutes, an award of his attorneys' fees and costs under applicable law, and all further and additional relief to which Magee may be adjudged entitled.

6.     Additionally, Magee seeks an award of damages in association with the cruel and unusual punishment he suffered while incarcerated in the Cook County Jail at the hands of defendants Connie and Sabrina, who, as further described below were at least deliberately indifferent to Magee's serious medical needs for a hearing aid for his right ear and/or other accommodations while Magee was in custody at the Cook County Jail.

## II.    THE PARTIES

7.     **Plaintiff Darius Magee (Magee)** has been incarcerated since 2014, and he is currently incarcerated at the Lake County Jail located in Crown Point, Indiana, where he has been housed since October 2020.

8.     Prior to being transferred to the Lake County Jail in October 2020, Magee was incarcerated at the Cook County Jail in Chicago, Illinois (located at 26th & California Avenue) for several years.

9.     **Defendant Thomas J. Dart ("Dart")** is the Sheriff of Cook County and is responsible for operating the Cook County Jail in Chicago, Illinois where Magee was incarcerated. Mr. Dart is being sued in his official capacity.

10.     On information and belief, the Sherriff of Cook County receives federal funds and assistance, and thus the RA as well as the ADA applies to Dart's actions and omissions respecting inmate disabilities.

11.     **Defendant Dr. Connie Mennella ("Connie")** is, on information and belief, a resident of Cook County, Illinois, and the chair of correctional health at the Cook County Sheriff's Office.

12.     **Defendant Sabrina Rivero-Conchola ("Sabrina")** is, on information and belief, a resident of Cook County, Illinois, and she is the ADA Compliance Officer for the Cook County Sheriff's Office.

### III.     VENUE & JURISDICTION

13.     This Court has subject matter jurisdiction over the claims asserted by Magee herein pursuant to 28 U.S.C. § 1331 and/or 42 U.S.C. § 1983.

14.     Venue is proper in the United States District Court for the Northern District of Illinois either: (i) pursuant to 28 U.S.C. § 1391(b) because: (1) on information and belief, all defendants reside in this judicial district; (2) a substantial part of the events or omissions giving rise to Magee's claims occurred in this judicial district; or (3) at least one of the defendants is subject to this Court's personal jurisdiction in this judicial district.

### IV.     BACKGROUND

15.     As reflected in Exhibit A hereto, on December 12, 2019, Magee was seen by a physician at John H. Stroger Jr. Hospital Of Cook County (1901 W. Harrison Street), who completed a "Referral For Audiology Services," indicating that Magee had "sensorineural hearing loss" that the physician characterized as "severe-profound," and which further stated "Please fit patient with <u>right</u> hearing aid" and "would not benefit from left sided hearing aid." In addition, Magee's untreated hearing issues also affected his balance and equilibrium, contributing to him sustaining several falls while incarcerated (including a fall down a staircase that injured his back)

4

about which he also filed grievances and, on information and belief, also exhausted the grievance process regarding.

16.     However, thereafter, and while in the custody of the Cook County Jail until October 2020, Magee did **_not_** receive a further examination by an audiologist, he was **_not_** fitted for and did **_not_** receive a hearing aid, and he did not receive any other reasonable accommodations for his hearing impairment issues, leading Magee to file a grievance with the Cook County Sheriff's Office, a true and correct copy of which is appended hereto as **Exhibit B**.

17.     Despite exhausting the grievance process, Magee's complaints were ignored, and thus he did not receive a fitting for a hearing aid and was not issued a hearing aid, nor were other reasonable accommodations made for his hearing impairment, such as posting a sign outside his cell regarding his hearing impairment so prison officials were aware of the same, letting him use an elevator to avoid falls on staircases, or other such measures.

18.     More particularly, as an inmate with a documented and diagnosed disability (profound hearing loss), Sabrina and/or Connie should have moved Magee to Division 8 of the Cook County Jail, and his medical status should have been upgraded to "MIII" – neither of which occurred.

19.     Further, repeated requests to Sabrina for accommodations for Magee's hearing disability – *e.g.*, requests that signs be posted in or near his cell, alerting prison officials to his hearing impairment – were repeatedly ignored by Sabrina, as were Magee's repeated requests to be fitted and issued a hearing aid.

20.     As to Connie, on information and belief, she is the chair of correctional health at the Cook County Sheriff's Office, was aware of Magee's medical condition, *inter alia*, as a result of notes entered into Magee's computerized medical records by physicians in Division 9 of the

Cook County Jail, but was deliberately indifferent in failing to upgrade Magee's medical status to "MIII" from "MII," and was further deliberately indifferent in not seeing to it that medical advice rendered on December 12, 2019 was in fact thereafter followed by the Cook County Jail so that Magee's serious medical condition would ***not*** go untreated and unaccommodated. Additionally, on information and belief, Connie was aware of the Cook County Jail's systemic mistreatment of hearing-impaired inmates, *inter alia*, as a result of the *Jeffreys* case cited below.

21.     Further, on information and belief, the aforementioned actions were consistent with and in furtherance of the apparently systematic deprivations of the rights of incarcerated persons in the Cook County Jail with hearing loss issues, which to date has resulted in a July 2018 settlement of a class-action lawsuit filed against the Illinois Department of Corrections ("IDOC") relating to its mistreatment of inmates like Magee with respect to their hearing impairment issues. *See generally Holmes v. Jeffreys*, Case No. 11-CV-2961, 2020 WL 3050244 (N.D. Ill. June 8, 2020) (sanctioning IDOC for violations of class action settlement intended to benefit deaf and hard-of-hearing inmates confined in IDOC facilities); *see also id.* at *4 ("IDOC must not allow the unnecessary delay of proper diagnoses and treatment, or appropriate accommodations, for Class Members. The ability to communicate is essential not only for safety and disciplinary matters, as Plaintiffs assert, but also for the protection of civil rights. … Accordingly, the court orders IDOC to ensure the completion of Audiological Evaluations within 90 days after Class Members receive a referral to an audiologist.").

22.     And since being transferred to the Lake County Jail (in Crown Point, Indiana) in October 2020, Magee has continued to suffer and also has not been fitted for or received a hearing aid.

## V.     COUNT I – ADA AND RA VIOLATIONS (V. DART)

23.     Magee realleges and repeats the preceding paragraphs of this Complaint as though they were again set forth herein in full.

24.     As set forth above, Magee is a qualified individual with a disability (*i.e.*, hearing and balance impairment) for purposes of both the ADA and the RA.

25.     Magee was denied the benefits of the services, programs and activities of the Cook County Jail by reason of his hearing impairment, including those services, programs and activities discussed above in paragraph 4 of this Complaint. Additionally, a hearing aid for Magee was in fact itself a service and device that Dart wrongfully denied Magee, because the hearing aid was reasonably necessary to accommodate his hearing disability.

26.     Dart's denying Magee the benefit of these services, programs and activities was by reason of his disability (hearing impairment).

27.     As a proximate result of Dart's violations of the ADA and RA, Magee has sustained physical injuries from his falls, ringing in his right ear occasioned by repeated shouting into that ear by others that was necessitated on occasion by Magee's hearing loss, as well as mental and emotional injuries, and should be awarded compensatory damages in an amount to be determined at trial.

28.     Additionally, because Magee is no longer a prisoner at the Cook County Jail, the "physical injury" requirement of the Prison Litigation Reform Act of 1995 ("PLRA") should ***not*** be a prerequisite to recovery of mental and emotional injury damages here.

29.     Further, given the deliberate indifference of Dart, Connie and Sabrina to Magee's disability and denial of the benefits of programs, services, and activities made available to others

without Magee's disability, the Court may infer intentional discrimination against Magee by defendants here. *See, e.g.*, *Phipps v. Sheriff of Cook County*, 681 F. Supp. 2d 899, 916-20 (N.D. Ill. 2009).

30.     Also, Dart's actions and omissions are particularly egregious in light of the above-referenced 2018 class action settlement involving hearing-impaired prisoners at the Cook County Jail, which class action settlement Cook County already has been sanctioned for violating, further confirming the appropriateness of an award of punitive damages here.

## VI.     COUNT II – CONSTITUTIONAL DEPRIVATIONS

31.     Magee realleges and repeats the preceding paragraphs of this Complaint as though they were again set forth herein in full.

32.     It has long been the case that "[d]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' [citation omitted] proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

33.     As set forth above, Magee had a serious medical need for a hearing aid for his right ear and/or other reasonable accommodations, due to his diagnosed and documented profound hearing loss.

34.     On information and belief, Connie and Sabrina were aware Magee had a serious medical need for a hearing aid, *inter alia*, based on the December 12, 2019 Referral for Auditory Services (Ex. A) that was kept with Magee's medical records, as well as based on the grievance that Magee filed and exhausted (Ex. B).

35.     On information and belief, Connie and Sabrina consciously failed to take reasonable measures to assure that Magee was fitted for and issued a hearing aid to address his

serious medical condition – permanent hearing impairment – or that any other reasonable accommodations were made in light of Magee's hearing impairment and balance issues.

36.     On information and belief, it was neither difficult for Connie or Sabrina to have Magee fitted for and issued an appropriate hearing aid, or to make other reasonable accommodations for Magee, and there was no legitimate health or safety reason for Connie and Sabrina's failure to assure that Magee was fitted for and issued an appropriate hearing aid and/or that other reasonable accommodations were made for him.

37.     As a proximate result of Connie's and/or Sabrina's actions and omissions, Magee was harmed, including by being denied the benefits, in whole or in material part, of the programming, services and activities offered to other prisoners at the Cook County Jail who did not have hearing impairment and/or who had received hearing aids as part of the services that the Cook County Jail provided.

38.     Further, Magee has, on information and belief, sustained physical injuries, as well as mental and emotional injuries, and he should be awarded compensatory damages in an amount to be determined at trial.

39.     Additionally, because Magee is no longer a prisoner at the Cook County Jail, the "physical injury" requirement of the Prison Litigation Reform Act of 1995 ("PLRA") should ***not*** be a prerequisite to recovery of mental and emotional injury damages here.

40.     Moreover, Dart's actions and omissions are particularly egregious in light of the above-referenced 2018 class action settlement involving hearing-impaired prisoners at the Cook County Jail, which class action settlement Cook County already has been sanctioned for violating, confirming the appropriateness of an award of punitive damages here.

*    *    *

9

**WHEREFORE**, Plaintiff Darius Magee prays that the Court enter judgment in his favor and against Defendants, awarding Plaintiff the following:

A.      Compensatory damages to the extent recoverable under applicable law and in an amount to be proved at trial;

B.      Nominal damages insofar as compensatory damages are unavailable;

C.      Punitive damages in an amount to be proved at trial;

D.      Plaintiff's reasonable attorneys' fees and costs;

E.      Prejudgment interest and/or post-judgment interest accruing at the maximum rates allowed by applicable law;

F.      All further and additional legal, equitable, or other relief to which Plaintiff may be found entitled.

Dated: March 26, 2020                                      Respectfully submitted,

                                                          **PLAINTIFF DARIUS MAGEE**

                                                          By:  /s/ Drew G.A. Peel
                                                                  One of His Attorneys

                                                          Drew G.A. Peel (ARDC# 6209713)
                                                          Jodi Rosen Wine (ARDC# 6209883)
                                                          RACHLIS DUFF & PEEL, LLC
                                                          542 South Dearborn, Suite 900
                                                          Chicago, IL 60605
                                                          (312) 275-0337 (dir.)
                                                          dpeel@rdaplaw.net
                                                          jwine@rdaplaw.net

# EXHIBIT A

JOHN H. STROGER JR HOSPITAL OF COOK COUNTY

**Patient Name:** CKPtNm-**MAGEE, DARIUS**
DOB-02/13/78 Age–41 Y FC-Cermak    12/12/19
Act# 822468781 ENT H/N Tu (SC)  MR# 4923305

**Telephone:** _____

**DOB:** _____

# REFERRAL FOR AUDIOLOGY SERVICES

I acknowledge that my above named patient has no medical contraindications to prevent hearing aid use. I give my patient medical clearance and recommend that my patient undergo a **Hearing Evaluation/Hearing Aid Evaluation** to be fitted with hearing aid(s).
I would like to inform the audiologist of my patient's medical conditions:

**Medical history pertinent to hearing loss:** _sensorineural hearing loss (bilateral_

**Treatment and/or operations for hearing:** _hearing aids needed_

**Diagnostic Code:** _____

**Otologic Findings:**

| Ear Canals/Tympanograms | Normal | Other (please explain) |
|---|---|---|
| **Right** | A | |
| **Left** | A | |

**Additional abnormal ENT physical findings:** _normal tympanic membranes_
**Suspected otological diagnosis:** _sensorineural hearing loss_

Is there a medical objection to fitting an earmold to the **RIGHT** ear?    YES    (NO)    _severe-_
Is there a medical objection to fitting an earmold to the **LEFT** ear?    YES    NO    _profound_

**Physician Signature** _[signature]_    **DATE:** _12/12/19_    **Illinois License Number** _036083193_

**Physician Name (please print neatly)** _SMcDowell D_    **NPI Number** _1376573477_

**Facility Address:**    1901 W. HARRISON ST., CHICAGO, ILLINOIS, 60612
**Facility Phone Number:**    (312) 864-7744    **FAX#:** (312) 864-9660

→Please fit patient w/ Right hearing aid

would not benefit from Left sided hearing aid

Case 1:20-cv-00088 Document #: 15 Filed: 10/23/21 Page 13 of 16 PageID #:164

# JOHN H. STROGER JR HOSPITAL OF COOK COUNTY

**Patient Name:** _____

**CK** PtNm-**MAGEE, DARIUS**
DOB-02/13/78 Age-41 Y FC-Cermak      12/12/19
Act# **822468781** ENT H/N Tu (SC)  MR# **4923305**

**Telephone:** _____

**DOB:** _____

## REFERRAL FOR AUDIOLOGY SERVICES

I acknowledge that my above named patient has no medical contraindications to prevent hearing aid use. I give my patient medical clearance and recommend that my patient undergo a **Hearing Evaluation/Hearing Aid Evaluation** to be fitted with hearing aid(s). I would like to inform the audiologist of my patient's medical conditions:

**Medical history pertinent to hearing loss:** _sensorineural hearing loss (bilatera_

**Treatment and/or operations for hearing:** _hearing aids needed_

**Diagnostic Code:** _____

**Otologic Findings:**

| Ear Canals/Tympanograms | Normal | Other (please explain) |
|---|---|---|
| **Right** | A | |
| **Left** | A | |

**Additional abnormal ENT physical findings:** _normal tympanic membranes_

**Suspected otological diagnosis:** _sensorineural hearing loss_

Is there a medical objection to fitting an earmold to the **RIGHT** ear?      YES   (NO)   _severe-profound_

Is there a medical objection to fitting an earmold to the **LEFT** ear?      YES   NO

**Physician Signature** _____      **DATE:** 12/12/19

**Physician Name (please print neatly)** _____

**Illinois License Number** 036083193

**NPI Number** 137657 3477

**Facility Address:** 1901 W. HARRISON ST., CHICAGO, ILLINOIS, 60612

**Facility Phone Number:** (312) 864-7744      **FAX#:** (312) 864-9660

→Please fit patient w/ Right hearing aid

would not benefit from Left sided hearing aid

# EXHIBIT B

Casse: 1:20-cv-0860833 Document #: 15 Filed: 03/26/21 Page 15 of 16 PageID #:166

**COOK COUNTY SHERIFF'S OFFICE**
(Oficina del Alguacil del Condado de Cook)
**INMATE GRIEVANCE FORM**
(Formulario de Queja del Preso)

CONTROL #: 2020V.0112
INMATE ID #: 0152870

| | |
|---|---|
| ☐ Emergency Grievance | ☒ Cermak Health Services |
| ☒ Grievance | ☐ Superintendent: |
| ☐ Non-Compliant Grievance | ☐ Other: |

PRINT - INMATE LAST NAME: Mayer
PRINT - FIRST NAME: Darius
INMATE BOOKING NUMBER: 2014-0805001

DIVISION: 9
LIVING UNIT: 3D (3191)
DATE: 1-30-20

### GRIEVANCE GUIDELINES AND SUMMARY OF COMPLAINT

REQUIRED - DATE OF INCIDENT: 1-27-20
REQUIRED - TIME OF INCIDENT: 1100 AM
REQUIRED - SPECIFIC LOCATION OF INCIDENT: Dispensary DIV 9
REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED: Medical Director

Doctor informed me on the above date. CCDOC Dont issue the medical device I need for my disability. My needs are protected by HIPPA LAW and is in computer data for facts. I was instructed to write a grievance to medical Director to seek Relief of this issue, for any Relief. (security staff is not at liberty to know my medical needs) Requesting grievance be forwarded expeditiously to Cermak med Director for the necessary medical Assistance.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: Computer Data. HIPPA Law.
INMATE SIGNATURE: D-M

SUPERINTENDENT/DIRECTOR/DESIGNEE: LEVANSKI
DATE CRW/PLATOON COUNSELOR RECIEVED: 1/29/20

## COOK COUNTY SHERIFF'S OFFICE
*(Oficina Del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE RESPONSE/APPEAL FORM**
*(Formulario de Queja del Preso/ Apelación)*

| CONTROL NUMBER | INMATE # |
|---|---|
| 2020 01112 | 015287C |

### INMATE INFORMATION TO BE COMPLETED BY INMATE SERVICES PERSONNEL ONLY

**INMATE LAST NAME** *(Apellido del Preso):* MAGEE

**INMATE FIRST NAME** *(Primer Nombre):* DARIUS

**ID Number** *(# de Identificación):* 20140805001

**GRIEVANCE ISSUE AS DETERMINED BY CRW:** LCC- MEDICAL TREATMENT

**IMMEDIATE CRW RESPONSE (If applicable):**

**CRW/ REFERRED THIS GRIEVANCE TO** *( Example: Superintendent, Cermak Health Services ):* CERMAK

**DATE REFERRED:** 1/30/20

### RESPONSE BY PERSONNEL HANDLING REFERRAL

You have an order for Primary Care Clinic + will be Scheduled + you can discuss further at that time

**PERSONNEL RESPONDING TO GRIEVANCE (Print):** Susan Shebel

**SIGNATURE:** Susan Shebel RN

**DIV./DEPT.:**

**DATE:** 2/18/20

### THIS SECTION IS TO BE COMPLETED BY INMATE!

**INMATE SIGNATURE** *(Firma del Preso):* Darius Magee

**DATE RESPONSE WAS RECEIVED:** *(Fecha en que la respuesta fue recibida)* 2/21/20

### INMATE'S REQUEST FOR AN APPEAL *( Solicitud de Apelación del Preso)*
### THIS SECTION IS TO BE COMPLETED BY INMATE!

- To exhaust administrative remedies, grievance appeals must be made within 15 calendar days of the date the inmate received the response. An appeal must be filed in all circumstances in order to exhaust administrative remedies.
  *(Con el fin de agotar los recursos administrativos, las apelaciones de las quejas se deben realizar en el plazo de 15 días después de que el recluso haya recibido la respuesta. La apelación se debe enviar en todos los casos a fin de agotar los recursos administrativos.)*
- Independent of the CCDOC procedure and after receiving an appeal decision, if you are dissatisfied with the outcome, you must submit the appeal grievance to the Illinois Department of Corrections, Jail and Detention Standards Unit, 1301 Concordia Court, P.O. Box 19277, Springfield Illinois 62794.
  *(De manera independiente del procedimiento del CCDOC, y tras recibir la resolución de una apelación, si no está satisfecho con el desenlace, debe enviar la queja de la apelación a Illinois Department of Corrections, Jail and Detention Standards Unit, 1301 Concordia Court, P.O. Box 19277, Springfield Illinois 62794.)*

**DATE OF INMATE'S REQUEST FOR AN APPEAL:** *(Fecha de la solicitud de la apelación del preso:)* 2/21/20

**INMATE'S BASIS FOR AN APPEAL:** *(Base del preso para una apelación:)*

Exhaust all Remedies. Please cause I need my hearing aid. Thank you!

INMATE COPY

**ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?** Yes (Si) ☐ No ☒
*(Apelación del preso aceptada por el administrador o/su designado(a)?)*

**INMATE SERVICES DIRECTOR/DESIGNEE'S DECISION OR RECOMMENDATION:** *(Decisión o recomendación por parte del administrador o/su designado(a):)*
Inmate services through Cermak the medical staff will work to accommodate your hearing issues during the course of your consultation with our provider

**INMATE SERVICES DIRECTOR/DESIGNEE** *(Administrador o/su Designado):*

**SIGNATURE** *(Firma del Administrador o/su Designado(a)):*

**DATE** *(Fecha):* 2/28/20

### THIS SECTION IS TO BE COMPLETED BY INMATE!

**INMATE SIGNATURE** *(Firma del Preso):* Darius Magee

**DATE APPEAL RESPONSE WAS RECEIVED:** *(Fecha en que la respuesta fue recibida)* 3/10/20

(FCN-72) (NOV 17)     (WHITE COPY – INMATE SERVICES)     (YELLOW COPY – C.R.W.)     (PINK COPY – INMATE)